IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT ROBERTS, #342232 | * | |
| Petitioner | | |
| v. | * | CIVIL ACTION NO. AW-07-909 |
| | | |
| GARY D. MAYNARD and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND | * | |
| | *** | |

### **MEMORANDUM**

On April 4, 2007, this Court received for filing this 28 U.S.C. § 2254 Petition for writ of habeas corpus, dated March 25, 2007. Petitioner, who is confined at the Maryland Reception, Diagnostic, & Classification Center, attacks his sentence entered in the Circuit Court for Cecil County in March of 2007. Paper No. 1. Petitioner argues that: (1) the prosecutor withheld evidence; (2) counsel was ineffective; and (3) the judge was biased, committed perjury, failed to hear Petitioner's motions, and violated Petitioner's speedy trial rights. Paper No. 1, Petition at 6, ¶ 15). According to the writ, Petitioner was attempting to file an application for leave to appeal and did file a petition for post-conviction relief in the Circuit Court on or about March 23, 2007, raising claims of ineffective assistance of counsel, prosecutorial misconduct, and newly discovered evidence.[1]  *Id*., Petition at 2-4.

Analysis

---

[1] According to the Circuit Court docket, Petitioner entered a guilty plea to one count of first degree assault and was sentenced to a 25-year term, with 10 years suspended, on March 7, 2007. *See State v. Roberts,* Criminal Case No. 07K06000439 (Cir. Ct. for Cecil County, Maryland). On March 27, 2007, a petition for post-conviction relief was filed. *Id.* In addition, on April 3, 2007, an application for leave to appeal was noted. *Id.*

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847.

Conclusion

Petitioner's sentence was imposed in March of 2007, and his application for leave to appeal, along with his state post-conviction petition, remain pending before the Maryland courts. Clearly, Petitioner has not completed the direct appeal and collateral review process and the claims raised here has not been fairly presented to the state courts. Consequently, the Petition is not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

For the aforementioned reasons, the Court shall grant Petitioner leave to proceed in forma pauperis, but shall dismiss this Petition without prejudice for the failure to exhaust state court remedies. A separate Order shall be entered reflecting this decision.

Date: April 25, 2007              /s/
                                  Alexander Williams, Jr.
                                  United States District Judge